# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDALL EUGENE PARRAN, ) | |
| ) | Civil Action No. 16 – 884 |
| Petitioner, ) | |
| ) | |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| COMMONWEALTH OF ) | |
| PENNSYLVANIA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

Pending before this Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Randall Eugene Parran ("Petitioner") pursuant to 28 U.S.C. § 2241. (ECF No. 5.) Petitioner is a pretrial detainee awaiting disposition of state criminal charges in Allegheny County for one (1) count each of Criminal Use of Communication Facility, 18 Pa.C.S.A. § 7512(A), Possession with Intent to Deliver, 35 Pa.C.S.A. § 780-113(A)(30), and Possession, 35 Pa.C.S.A. § 780-113(A)(16). Commonwealth v. Parran, CP-02-CR-0006880-2016 (Pa. Comm. Pleas Ct.).

In his Petition, Petitioner alleges that on April 19, 2016, he mailed to the state court a petition for writ of habeas corpus challenging the Commonwealth's probable cause for his arrest. (ECF No .5, p.2.) When he learned that his petition had not been filed, he mailed it again on June 2, 2016. (ECF No. 5, p.2.)

Petitioner also alleges that during his preliminary hearing that was held on June 8, 2016, he "successfully challenged" the issue of probable cause to initiate his arrest. (ECF No. 5, p.2.) However, he states that the magistrate judge "still held the matter for court even though the

1

Commonwealth produce[d] no evidence to establish a prima facie case." (ECF No. 14, p.2.) He states he filed another petition for writ of habeas corpus on July 31, 2016. (ECF No. 14, p.2.)

Petitioner claims that, to this day, the state court has failed to file and rule on his petition for writ of habeas corpus, and, therefore, his First Amendment right to petition the court has been violated. (ECF No. 14, p.2.) He requests that this Court order his release on a recognizance bond. (ECF No. 14, p.3.)

### A. **Background**

The docket sheets for the Common Pleas Court, the Magisterial District Judge, and the Pennsylvania Superior Court and Supreme Court are available online and this Court shall take judicial notice of them. Those dockets, along with the pending Petition, establish the following facts.

Petitioner is in the pretrial stages of a criminal case filed at CP-02-CR-0006880-2016, in the Allegheny County Court of Common Pleas, Criminal Division. *See supra*.

Petitioner was arraigned on March 23, 2016, and his bail was set at $25, 000. Commonwealth v. Parran, MJ-05003-CR-0002290-2016 (Pa. Magis. Ct.). His preliminary hearing was held on June 8, 2016, at which time he signed a waiver of counsel form and proceeded *pro se*. His case was transferred to the Court of Common Pleas on June 10, 2016.[1]

Petitioner was formally arraigned on July 27, 2016, and once the case was transferred to the Court of Common Pleas, Petitioner began to file a plethora of motions. Commonwealth v. Parran, CP-02-CR-0006880-2016 (Pa. Comm. Pleas Ct.). The docket reveals that in August, 2016, Petitioner filed a *pro se* petition for writ of habeas corpus (Aug. 4), *pro se* motion to

---

[1] On or about June 20, 2016, Petitioner filed the instant Petition for Writ of Habeas Corpus. (ECF No. 1.)

2

suppress drugs cell phone evidence (Aug. 10), *pro se* motion for pretrial discovery (Aug. 17), *pro se* notice of objections to the court's jurisdiction void proceedings (Aug. 18), and a *pro se* notice of objection to pretrial conference (Aug. 29). Also in August, Petitioner's attorney, Andrew Capone, Esquire, filed a motion for leave to withdraw as counsel (Aug. 26).

In September 2016, Petitioner filed a *pro se* motion for dismissal based on the Commonwealth's failure to comply with discovery Pa.R.Crim.P. 5465 and a motion for upcoming Rule 600 violation (Sept. 13), a *pro se* objection to appointment of counsel (Sept. 13), another *pro se* objection to appointment of counsel (Sept. 20), and a *pro se* motion for immediate hearing Rule 600 violation (Sept. 20). Also in November, the court held a motions hearing on September 15, 2016, regarding Attorney Capone's motion to withdraw as Petitioner's counsel. On September 21, 2016, Judge Sasinoski appointed attorney Mike Foglia, Esquire, to represented Petitioner.

In October 2016, Petitioner filed a *pro se* objection to appointment of counsel (Oct. 24).

In November 2016, Petitioner filed another *pro se* objection to appointment of counsel (Nov. 7), *pro se* petition for transcripts (Nov. 8), a *pro se* amended brief in support of suppression motion (Nov. 15), and a *pro se* motion for reconsideration of Petitioner's denial notice (Nov. 16). Also in November, the court issued orders denying Petitioner's motion to reconsider sentence (Nov. 15), granting Petitioner's objections to any appointment of counsel (Nov. 15), granting Petitioner's motion "that all transcripts are IFP" (Nov. 15), and denying Petitioner's notice of objections to the court's jurisdiction void proceedings (Nov. 15). Most importantly, the court issued an order granting Petitioner's motion for modification of bail to release on his own recognizance (Nov. 8). However, for reasons unknown to this Court, Petitioner is still incarcerated at the Allegheny County Jail.

In December 2016, Petitioner filed a *pro se* motion to dismiss (Dec. 15), which the court denied the same day (Dec. 15). He also filed a *pro se* motion for a new suppression hearing and habeas corpus hearing (Dec. 20), and a *pro se* motion for discovery (Dec. 20). Also in December, the court denied Petitioner's petition for writ of habeas corpus (Dec. 15).

In January 2017, Petitioner filed a *pro se* motion to suppress cell phone and drugs obtained in violation of privacy rights (Jan. 9), a *pro se* motion for immediate discovery hearing (Jan. 10), another *pro se* motion for suppression of cell phone and drugs obtained in violation of privacy rights (Jan. 23), *pro se* petition for suppression hearing and habeas corpus hearing transcripts (Jan. 23), a *pro se* subpoena to Joseph Novokowski (Jan. 23), and a *pro se* subpoena to Sheila Ladner (Jan. 23).

Finally, Petitioner appears to have appeared before the court at a minimum on three separate occasions; for his pre-trial conference on August 12, 2016, and for motions hearings on September 15, 2016 and November 15, 2016.

Petitioner's case is currently scheduled for a non-jury trial on March 6, 2017.

Petitioner now invokes this Court's jurisdiction in the form of a pre-trial habeas corpus petition in which he alleges a First Amendment violation. As previously stated, Petitioner claims that he is being denied access to the courts because the trial court has failed to rule on his petition for writ of habeas corpus, wherein he claims that the Commonwealth lacked the probable cause necessary to arrest him and also that the Commonwealth cannot establish a *prima facie* case. As relief, Petitioner asks that this Court order his release on a recognizance bond.

**B. Discussion**

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" Moore v. DeYoung, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and Peyton v.

4

Rowe, 391 U.S. 54 (1967)).  A state prisoner's petition for a writ of habeas corpus is properly brought under 28 U.S.C. § 2254 when he is in custody pursuant to the *judgment* of a state court. *See* Coady v. Vaughn, 251 F.3d 480, 484-86 (3d Cir. 2001).  When an individual is in state custody for reasons other than a judgment of a state court, such as in pretrial detention, a petition for a writ of habeas corpus is properly brought pursuant to 28 U.S.C. § 2241.  Moore, 515 F.2d at 441-43; 1-5 R. Hertz & J. Liebman FEDERAL HABEAS PRACTICE AND PROCEDURE § 5.3 n.6 (Nov. 2011) (collecting cases).  Section 2241 authorizes a federal court to issue a writ of habeas corpus to a pretrial detainee who "is in custody in violation of the Constitution or laws or treaties of the United States."  § 2241(c)(3).

While the Court has jurisdiction under § 2241 to entertain Petitioner's pretrial habeas corpus petition, it is clear that he is not entitled to habeas relief at this time.  First, to the extent that he has raised any federal constitutional claims in his Petition, he has failed to exhaust them.  In order to exhaust a claim, a petitioner must "fairly present" it to each level of the state courts.  *See*, *e.g.*, Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).  It is the petitioner's burden to demonstrate that he raised the claim in the proper state forums through the proper vehicle, not just that he raised a federal constitutional claim before a state court at some point.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (a petitioner must have presented a claim through the "established" means of presenting a claim in state court at the time); Ellison v. Rogers, 484 F.3d 658, 660-62 (3d Cir. 2007) (the petitioner's claims of ineffective assistance were not exhausted properly even though he had raised those claims on direct review, because state law required that ineffective assistance claims be raised in state post-conviction review, and the petitioner had not sought such review).  In Moore, the Court of Appeals instructed "that jurisdiction without exhaustion *should not be exercised at the pre-trial stage unless extraordinary circumstances are*

*present*." Id. at 443 (emphasis added). No extraordinary circumstances are presented in the instant Petition for Writ of Habeas Corpus.

Second, where state court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Younger v. Harris, 401 U.S. 37 (1981). Moore, 515 F.2d at 447-48. Younger abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)). If the three Younger requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. Id. at 670 n.4 (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." Id.; Moore, 515 F.2d at 448. *See also* Brian R. Means, POSTCONVICTION REMEDIES, § 10.3 Younger abstention (July 2012).

Here, there is an ongoing state judicial proceeding, as Petitioner is a defendant in a state criminal prosecution, and it is clear that granting his request for relief would interfere with those proceedings. In addition, the state's criminal case against him undoubtedly implicates the important state interests of the state's enforcement of its criminal laws. Finally, Petitioner does have the opportunity to raise constitutional claims in the context of his state criminal proceedings. Thus, Petitioner's claims concerning his ongoing criminal proceedings satisfy the

requirements of abstention, and the instant habeas action does not raise the type of extraordinary circumstances contemplated under Younger.

Based upon all of the foregoing, Petitioner is not entitled to a writ of habeas corpus under § 2241 and his Petition will therefore be dismissed.[2]  A separate order will follow.

Dated:  January 31, 2017

_____
Lisa Pupo Lenihan
United States Magistrate Judge


cc: Randall Eugene Parran
    117576
    Allegheny County Jail
    950 Second Avenue
    Pittsburgh, PA  15219-3100


    Counsel of record
    (Via CM/ECF electronic mail)

---

[2] Moreover, the Petition appears to be moot because the trial court has ruled on Petitioner's petition for writ of habeas corpus and modified his bail to a recognizance bond on November 8, 2016, albeit with conditions.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDALL EUGENE PARRAN, | ) | |
| | ) | Civil Action No. 16 – 884 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | ) ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

For the reasons set forth in the Memorandum Opinion filed contemporaneously herewith, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 5) is **DISMISSED**. The Motion for Ruling on Petition for Writ of Habeas Corpus (ECF No. 21) is **DISMISSED** as moot. Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure. The case will be marked closed.

Dated: January 31, 2017

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Randall Eugene Parran
    117576
    Allegheny County Jail
    950 Second Avenue
    Pittsburgh, PA 15219-3100

    Counsel of record
    (Via CM/ECF electronic mail)